## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PRISCILLA RUCKER** | * | |
| **800 Southern Avenue, SE # 909** | * | |
| **Washington, DC 20032** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.: _____** |
| | * | |
| **ARCHITECT OF THE CAPITOL** | * | |
| **SERVE:**     **Office of the General Counsel** | * | |
| **Ford House Office Building** | * | |
| **Room H2-265A** | * | |
| **2nd and D Streets, S.W.** | * | |
| **Washington, D.C.  20515** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S COMPLAINT
### FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES, Plaintiff, Pricilla Rucker, by and through Donna Williams Rucker and the law firm of DUBOFF & ASSOCIATES, CHARTERED and for cause of action further states as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of the Court is proper pursuant to §501 of the Rehabilitation Act of 1973, 29 U.S.C. 791, §201 of the Congressional Accountability Act and pursuant to 42 U.S.C. Section 2000(e) et seq., Title VII of the Civil Rights Act of 1964, as amended, and 28 U.S.C. Sections 1331, 1337, and 1343.  Venue is appropriate and based on the fact that the actions complained of are the result of actions and employment practices of Defendant, an Agency of the federal government that operates within the District of Columbia.

2.      Plaintiff Priscilla Rucker ("Rucker") timely filed a complaint with the Office of

Compliance within the Architect of the Capitol alleging retaliation discrimination in employment based on reprisal.  This matter was not resolved through mediation.  Plaintiff files this civil action timely and in accordance with the authority noted in her Notice of End of Mediation received February 16, 2007.  A copy of the same is affixed to this Complaint.

## PARTIES

3.      Plaintiff Rucker is a resident of the District of Columbia, and at all times relevant hereto, she was an employee of Defendant, the Architect of the Capitol ("AOTC").

4.      Defendant, AOTC is an Agency under the federal government and is located in the District of Columbia.

## FACTS

5.      Plaintiff Rucker began working for Defendant, Architect of the Capitol, as a Custodial Worker on August 7, 1991.

6.      Plaintiff filed a prior claim and Complaint of Discrimination against the Defendant regarding discrimination based on a disability in Civil Case Number: 01-0977 (JR).

7.      Subsequently to her filing Plaintiff began experiencing adverse treatment by the Defendant.

8.      Due to the adverse treatment and hostile environment Plaintiff was experiencing she filed Case Number: 03-AC-39 (RP) against the Defendants in 2003 for retaliation based on her prior protected activity.

9.      Subsequent to her filing of Case Number 03-AC-39 (RP) Plaintiff continued to experience a hostile work environment and adverse treatment based on her prior protected activity and was forced to file Case Number: 05-AC-08 (RP) against the Defendants in 2003 for retaliation

based on that prior protected activity.

11.     The Defendant has had no legitimate or nondiscriminatory reason for the adverse treatment and hostile work environment the Plaintiff has been subjected to.

12.     The Defendant's adverse treatment towards Plaintiff was close in proximity to plaintiff's prior involvement in protected activity.

13.     At all times herein mentioned Defendant was aware of Plaintiff's involvement in the cases named above in paragraphs numbered 6, 8, and 9.

14.     Plaintiff was left with the care and custody of her grandson P. Rucker in December of 2006.

15.     Plaintiff would Periodically bring her grandson to the job for approximately 40 (Forty) minutes until the person she hired could get him and drop him at school

16.     Plaintiff's work schedule required her to arrive at work at 6:00 a.m.

17.     Plaintiff began to pay an additional Seventy-Five Dollars ($75.00) per month to allow her to drop her grandson off at school at 7:00a.m.versus 8:15 a.m.  She however, needed to have her grandson at the job for approximately 40 (Forty) minutes.

18.     Defendant was advised that Plaintiff's grandson was present at the job and called her into a meeting regarding the same in December 2006.

19.     In the meeting Plaintiff was advised by her supervisors and Rick Joyce, that her grandson could not be on AOC property.

20.     Plaintiff explained to her supervisors that her grandson was there because she had nowhere to take him until he was picked up for school and that he was only there for 40 (Forty) minutes.

3

21.    Plaintiff also explained to her supervisors that her grandson was not unsupervised and that Mr. Marshall the safety officer had agreed to watch him down in the cafeteria until he was picked up for school.

22.    Mr. Alan Marshal had agreed to watch Plaintiff's grandson after he learned of the situation she was in with custody and nobody but her to care for the grandson.

23.    Mr. Marshal routinely arrived to work 1 (One) hour before his shift and was not on the clock during the period he offered to watch Plaintiff's grandson.

24.    Plaintiff's grandson was picked up for school before Mr. Marshall was due to clock in for work.

25.    Plaintiff's supervisors told Plaintiff that her grandson was not allowed in the building at all, not even in the cafeteria of the AOC.

26.    The cafeteria of the AOC is open to the public.

27.    Plaintiff had nobody to assist her in the care of her grandson and so she requested a shift change from her 6:00 a.m. to 2:30 p.m. shift to a shift working from 7:30 a.m. to 4:00 p.m., so she could arrive after she dropped her grandson at daycare at 7:00a.m.

28.    Plaintiff's supervisor's refused to accommodate Plaintiff by permitting her a shift despite the fact that this accommodation was given to other employees who had not been involved with prior protected activity.

29.    Plaintiff had leave available, and after her supervisors would not allow her to change her shift, she began to request leave for the morning period she had to be away to drop her grandson at school.

30.    Plaintiff has submitted each leave request in accordance with the AOC's policies

4

and procedures that govern her work performance.

31.    Plaintiff's leave requests have been routinely denied and she has been placed as AWOL from at least December 2006 to the present.

32.    Plaintiff has been docked numerous hours of pay, at least 45 (Forty-five) minutes to an hour each workday, due to being placed on AWOL during the morning she had to wait with her grandson until the sitter arrived to take him to daycare.

33.    Plaintiff has, since she filed her EEO complaints, been regularly subjected to acts of reprisal, including, receiving a memorandum of counseling.

34.    Prior to filing EEO Complaints, Plaintiff's job performance was without a blemish.  Since the EEO Complaints were filed, Plaintiff has been unfairly subjected to acts of reprisal, including requiring Plaintiff to turn in her leave slips in a special manner, separate from other employees.

35.    Other employees, Plaintiff's Co-workers, have been granted leave requests for family circumstances both before and after December 2006.

36.    Other employees, and Plaintiff's Co-workers, have brought their babies and children to work and onto the premises of the AOC and these employees were not required to cease this action, or told that they could not have their babies or children on the property of the AOC.

37.    The children and babies were brought onto AOC property during the employees work schedule and in the presence of the same AOC supervisors who told Plaintiff she could not bring her grandson to the AOC even if someone else supervised him while she worked.

38.    Sometime in January 2007, Mr. James Coleman told plaintiff that he was to deny

any request for leave Plaintiff submitted.

39.    Plaintiff was not on leave restriction at any time at issue in this complaint.

40.    Other AOC employees both in and out of Plaintiff's department have had their schedules changed to accommodate childcare issues.

41.    Plaintiff informed the Defendant orally that she now had full and total responsibility for the care and custody of P. Rucker and that she was seeking a custody order from the D.C. Superior Court and that she would need a modification of her work schedule in order to transport P. Rucker to the childcare provider.

42.    After receiving no response from the Defendant, Plaintiff then informed the Defendant, in writing by letter dated January 23, 2007, that she had custody of P. Rucker and that she would need a modification of her work schedule in order to transport P. Rucker to the childcare provider.

43.    Defendant refused to modify Plaintiff's schedule from a 6:00 a.m. to 2:30 p.m., shift to a 7:30 a.m. to 4:00 p.m. shift.

44.    P. Rucker attends Tri-Community Public Charter School in the District of Columbia.

45.    P. Rucker is dropped off at Tri-Community Public Charter School at 7:00 a.m., Monday through Friday.

46.    Since Plaintiff has obtained custody of P. Rucker, Plaintiff has requested leave, prior to her use of the leave, which she has available, to take her grandson to daycare in the mornings.

47.    The Defendant has summarily denied Plaintiff's leave requests.

6

48.    Plaintiff has been repeatedly charged with AWOL and given numerous Memorandum(s) of Counseling.

49.    Plaintiff has provided her supervisors with evidence of her custody issues and she had notified then that she is the sole guardian of her grandson.

50.    Plaintiff has provided her supervisors paperwork from the D.C. Superior Court regarding her custody case and she gave her employer a copy of the order granting her custody.

51.    Plaintiff has also provided letters to her supervisors regarding her custody problems and daycare issues.

52.    Plaintiff has provided her supervisors with a letter from her grandson's school regarding the time he is allowed to start.

53.    The documentation disclosed was provided to Plaintiff's supervisors throughout the request for the shift change and the leave requested.

<u>**COUNT I**</u>
**(Reprisal – Harassment - Hostile Work Environment)**

54.    Plaintiff incorporates by reference as if fully pleaded herein the allegations contained in paragraphs one (1) through fifty-three (53).

55.    Defendant's denial of a change in Plaintiff's work schedule was based upon the Defendant's reprisal because of Plaintiff's involvement with prior EEO activity.

56.    Defendant's denial of Plaintiff's leave requests is based upon the Defendant's reprisal because of Plaintiff's involvement with prior EEO activity.

57.    The Defendant had no legitimate or non-discriminatory reasons for its denial of Plaintiff's request to modify her work schedule.

58.    The Defendant had no legitimate or non-discriminatory reasons for its denial of

Plaintiff's requests for leave.

59.     The Defendant had no legitimate or non-discriminatory reasons for repeatedly charging Plaintiff with AWOL.

60.     The Defendant's denial of Plaintiff's employment opportunities and other consideration offered to other employees was close in proximity to Plaintiff's engagement in protected activity.

61.     The Agency's adverse treatment towards Plaintiff and its denial of Plaintiff's request to modify her schedule and requests for leave was intentional.

62.     The Agency's adverse treatment towards Plaintiff and its repeatedly charging Plaintiff with AWOL and Memorandum(s) of Counseling was intentional.

63.     Plaintiff suffered an adverse employment action in that she had her wages repeatedly docked from December 2006 to the present.

64.     Plaintiff experiences a great amount of stress, pain, suffering and humiliation as a direct result of Defendant's actions, and she has incurred medical expenses and other costs and expenses.

WHEREFORE, Plaintiff respectfully prays this Honorable Court:

(I)     Award pay and the fringe benefits she has lost as a result of Defendant's unlawful and intentional discrimination;

(II)    Award compensatory and punitive damages in excess of four hundred and fifty thousand dollars ($450,000.00);

(III)   Award reasonable attorney's fees and cost incurred and for this action; and

8

(IV)    Declaratory and injunctive relief; and

(V)    Award such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues herein.

Respectfully submitted,


By:    _____/s/_____

Donna Williams Rucker, Esquire #446713

DuBoff & Associates, Chartered

8401 Colesville Road, Ste. 501

Silver Spring, Maryland 20910

(301) 495-3131    Office

(301) 587-1872    Facsimile



*advancing safety, health, and workplace rights in the legislative branch*

*Office of Compliance*                                    Office of the Executive Director

February 9, 2007

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Donna Williams Rucker, Esq.
DuBoff & Associates, Chtd.
8401 Colesville Road
Suite 501
Silver Spring, MD 20910

**END OF MEDIATION NOTICE**
Re: Priscilla Rucker, Employee
and
Office of the Architect of the Capitol, Employing Office
Case No. **07-AC-18 (CV, RP)**

Dear Ms. Rucker:

This is to notify you that the mediation period has ended in the above matter without a resolution of your client's claims. The counseling period began on December 21, 2006 and was scheduled to end on January 22, 2007. The Office agreed to reduce your client's counseling period and the counseling ended on January 4, 2007. The mediation period began on January 9, 2007 and ended on February 8, 2007.

Your request for mediation was based upon your client's allegation(s) that the employing office violated sections 201 and 207 of the Congressional Accountability Act ("CAA").

If your client wishes to proceed further with this matter, your client must do so **not later than 90 days, but no sooner than 30 days**, after you receive this end of mediation notice. During that 60-day time frame your client may either: (1) file a **formal complaint** with the Office of Compliance in accordance with section 405 of the (CAA); or (2) file a **civil action**, in accordance with section 408 of the CAA, in the United States District Court for the district which you are employed, or in the U.S. District Court for the District of Columbia. <u>You may assert only those claims that your client made during counseling and mediation.</u>

If your client chooses to file a formal complaint with the Office of Compliance it must be legibly written or typed on the enclosed *Complaint* form. The complaint must be signed by your client or his/her designated representative and contain the following information:

(a)    the complainant's name, mailing address, and telephone number;

(b)    the involved employing office's name, address, and telephone number;

(c)    the name(s) and title(s) of the individual(s) involved in the conduct that your client claims violated the CAA;

Room LA 200, Adams Building • 110 Second Street, SE • Washington, D.C. 20540-1999 • t/202.724.9250 • f/202.426.1913 • tdd/202.426.1912

*www.compliance.gov*

(d)     a description of the conduct that your client challenges, including the date(s) and location(s) of the conduct;

(e)     a brief description of why your client believes the challenged conduct violated the CAA and your identification of each applicable section of the Act (i.e., Sec. 201 (Employment discrimination), Sec. 202 (Family and Medical Leave), Sect. 203 (Fair Labor Standards), Sec. 204 (Employee Polygraph Protection), Sec. 205 (Worker Adjustment and Retraining), Sec. 206 (Employment and Reemployment of Veterans), and Sec. 207 (Intimidation or Reprisal).

(f)     a statement of the relief or remedy sought ;

(g)     the name, address, and telephone number of the representative, if any, who will act on your client's behalf.

If your client chooses to file a formal complaint with this Office, we will serve a copy of your client's complaint, and the Office's Procedural Rules, on the named employing office, or its designated representative. The Office's transmittal letter will notify the employing office that it must file an answer to the complaint with this Office within 15 days after service of the complaint. A copy of the service list containing the names and addresses of the parties and their designated representatives will also be forwarded to the employing office.

If your client files a formal complaint with this Office, we will appoint an independent Hearing Officer to consider the complaint and render a decision. The Office of Compliance will issue a notice of hearing fixing the date, time and place of the hearing. Absent a postponement granted by this Office, or other dispositive action by the Hearing Officer, the hearing will commence no later than 60 days after the filing of the complaint.

If your client chooses to file a civil action in U.S. District Court, the Office will not process your case in court and it will be your client's responsibility to abide by all applicable Federal Rules and procedures applicable to civil actions.

We have enclosed the *Participant Survey Form*, an instrument designed to provide the Office of Compliance with important feedback on participants' experience in the mediation program. If your client has not already done so, please return it to the Office by facsimile at (202) 426-1913 or mail it to the Office of Compliance, Adams Building, Room LA 200, 110 Second Street, S.E., Washington, D.C. 20540-1999.

If you have any questions or need any assistance, please contact this Office.

Sincerely,

Teresa M. James
Director of Dispute Resolution

Enclosures:     Facsimile Notice
                Complaint Form
                Participant Survey Form
cc:     Priscilla Rucker (with Participant Survey Form)
        Edgard Martinez, Esq. (with Participant Survey Form)
        Marvin Johnson, Mediator

07-699
JR

JS-44
(Rev.1/05 DC)

CIVIL COVER SHEET

## I (a) PLAINTIFFS

PRISCILLA RUCKER
800 Southern Avenue, SE # 909
Washington, DC 20032

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

## DEFENDANTS

ARCHITECT OF THE CAPITOL   SERVE: Office of the General Counsel
Ford House Office Building, Room H2-265A
2nd and D Streets, S.W.
Washington, D.C. 20515

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donna Williams Rucker, Esquire
DuBoff & Associates, Chartered   (301) 495-3131
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00699
Assigned To : Robertson, James
Assign. Date : 4/17/2007
Description: RUCKER v. ARCHITECT OF CAPITOL

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

● 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O  G. *Habeas Corpus/ 2255* | ⦿ H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Plaintiff was subjected to reprisal when she was harrassed, cheri[ed] hurt + not provided similar accommodations afforded her co-workers, including a 8514 [...] of title VII of the Civil Rights Act + 501 of Rehabilitation Act + EEO + Congressional Accountab[ility]

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   ☐   **DEMAND $**250,000.00   Check YES only if demanded in compl[.] **JURY DEMAND:**  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** April 17, 2007   **SIGNATURE OF ATTORNEY OF RECORD** _(signature)_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.