UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PRISCILLA RUCKER** )<br>)<br>    **Plaintiff** )<br>)<br>v. )<br>)<br>**OFFICE OF THE ARCHITECT** )<br>**OF THE CAPITOL** )<br>)<br>    **Defendant** )<br>_____ ) | Civil Action Number: 1:07-0699(JR) |

ANSWER TO COMPLAINT

The Office of the Architect of the Capitol ("AOC" or "Defendant"), by and through undersigned counsel, answers the Plaintiff's complaint as follows:

DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to comply with the requirements under the Congressional Accountability Act (CAA), 2 U.S.C. 1301 *et seq.*, regulations promulgated thereunder by the Office of Compliance ("OOC") and other related legal requirements.

3. The Court lacks subject matter jurisdiction or jurisdiction over Plaintiff's claims.

4. Plaintiff has not complied with the time and other requirements for counseling or mediation under CAA.

5. Plaintiff's claims, in whole or in part, are barred for failing to exhaust administrative procedures and/or requirements.

6. Plaintiff fails to state a prima facie case of retaliation or reprisal under the CAA, regulations promulgated thereunder by the OOC or as established by judicial decisions or decisions issued by the Board of Directors of the OOC.

7. Plaintiff did not mitigate damages.

8. Regarding any claims under the CAA, Defendant has raised legitimate non-

proscribed, non-pretextual reasons for any actions taken and would have taken the same actions even in the absence of any allegations made by Plaintiff and Plaintiff is not entitled to the remedies sought or is entitled to limited remedies as provided in the CAA and regulations promulgated thereunder by the OOC.

9. Plaintiff does not meet the requirements for any prima facie case for the claims made under the CAA regulations promulgated thereunder by the OOC.

10. Plaintiff is estopped from making claims that are the result of Plaintiff's commission or omission. Plaintiff's claims, in whole or in part, are barred by equitable estoppel.

11. Plaintiff has not suffered damages as a result of any wrongful conduct by defendant or respondent Employing Office. Specific proof for all alleged damages is requested.

12. Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

13. Plaintiff has not complied with the requirements regarding the waiving of sovereign immunity by the United States.

14. Plaintiff's claims fail in whole or part due to the doctrine of waiver.

15. Employing Office/Defendant reserves the right to add any additional defenses and/or to amend this Answer.

RESPONSES TO ALLEGATIONS IN COMPLAINT

In response to the numbered paragraphs of the Complaint, Defendant admits, denies, and avers as follows.  All allegations in the Plaintiff's complaint, including relief, are denied except when admitted, or as admitted to, or as clarified. Defendant makes the responses below regarding the numbered paragraphs:

Jurisdiction and Venue

1. Defendant denies the allegations in paragraph 1.  Matters alleged relate to legal issues for which a response is not required.

2. Defendant denies the allegations in paragraph 2.  Defendant admits that the matters were not resolved through the mediation process of the CAA in the OOC.

Parties

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

Facts

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8. Defendant admits plaintiff filed the indicated complaint before the OOC.

9. Defendant denies the allegations in paragraph 9. Defendant admits that plaintiff filed the indicated complaint before the OOC.

10. Defendant notes there is no paragraph 10.

11. Defendant denies the allegations of adverse treatment and hostile work environment or that plaintiff was subjected to such and all other matters in paragraph 11. All actions by defendant have been for legitimate reasons.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13. Defendant recognizes that some employees and supervisors within Defendant's workforce may have knowledge of Plaintiff's prior complaints.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 14. Without admitting the allegations in this paragraph, Plaintiff has indicated to Defendant recently that she is seeking custody of her grandson.

15. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 15. Without admitting the allegations in this paragraph, Plaintiff did not request and was not granted authorization to carry out any of the activities described in this paragraph if plaintiff was carrying out the activities.

16. Defendant admits the allegations in paragraph 16.

17. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18. Defendant heard comments of the presence and because the presence of such child was not authorized nor permitted plaintiff was violating established policies in this regard and she was told to stop the activities if she was carrying them out.

19. Defendant admits the allegations in paragraph 19 and that plaintiff was informed that her grandson could not be in the Senate office buildings at times when the general public was not allowed and that employees were not allowed to have children at work and in particular could not care for children at work during working hours in particular small children who require that employees not perform their duties and the presence of children is not authorized by the Senate.

20. Defendant denies the allegations in paragraph 20. Plaintiff made a number of different representations to different management officials regarding her grandson.

21. Defendant denies the allegations in paragraph 21. Neither Plaintiff nor any other employee has the authority or has been authorized to care for children as indicated. The Senate disallows such activities.

22. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 22.

23. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 23.

24. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 24.

25. Defendant admits the allegations in paragraph 25. Defendant clarifies that when the Senate buildings are open to the general public the child may enter the buildings as all members of the general public and under the same conditions as the general public.

26. Defendant denies the allegations in paragraph 26. Defendant clarifies that the cafeteria belongs to the Senate and operates under terms of the Senate and is open only during certain hours to the general public.

27. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 27. Defendant admits that plaintiff expressed different requests to different management officials as to the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant admits the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35. Any such other activities would be for matters different from those alleged in the complaint.

36. Defendant denies the allegations in paragraph 36. Any such other activities woul be for matters different from those alleged in the complaint.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41. Plaintiff is not entitled to dictate the work schedules or work conditions as appears to be the crux of her allegations.

42. Defendant denies the allegations in paragraph 42. Plaintiff is not entitled to dictate the work schedules or work conditions as appears to be the crux of her allegations.

43. Defendant denies the allegations in paragraph 43. Defendant clarifies that attempts were made to provide Plaintiff with a period of time to resolve her personal problems and that Plaintiff did not agree to the period of time.

44. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 44.

45. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 45.

46. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant admits the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49. Defendant clarifies that plaintiff has provided some information regarding her personal problems regarding her grandson.

50. Defendant denies the allegations in paragraph 50. Plaintiff has provided some information regarding her grandson but Plaintiff appears to allege that she can dictate the work schedules, leave authorization, and other work conditions regardless of the determinations on these matters by Defendant.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

## Count I

54. Defendant denies the allegations in paragraph 54 and incorporates by reference the responses for paragraphs one (1) through 53.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63. Defendant clarifies that any loss of wages are the direct result of the actions taken by plaintiff.

64. Defendant denies the allegations in paragraph 64.

Defendant denies that plaintiff has suffered any damages as sought in the complaint or otherwise and denies that Defendant is responsible for any damages, if any, suffered by Plaintiff. Accordingly, Defendant denies that Plaintiff is entitled to any relief under the CAA.

January 22, 2008                                  Respectfully submitted,

                                                  /s/
                                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                  United States Attorney

                                                   /s/
                                                  RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                  Assistant United States Attorney

                                                   /s/
                                                  KENNETH ADEBONOJO
                                                  Assistant United States Attorney
                                                  Judiciary Center Building
                                                  555 4th Street, N.W. – Civil Division
                                                  Washington, D.C.  20530
                                                  (202) 514-7157
                                                  (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify I that on this 22nd day of January 2008, I caused the foregoing Defendant's Answer to Plaintiff's Complaint to be served on Plaintiff's attorney, Donna Williams Rucker, via the Court's Electronic Case Filing system.

/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)