IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| PRISCILLA RUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-0699(JR) |
| ) | |
| OFFICE OF THE ARCHITECT OF THE ) | |
| CAPITOL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12 (b)(6)**

COMES NOW, plaintiff Priscilla Rucker, by and through her under signed counsel, and submits this opposition to Defendant's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6), and in support states as follows:

1. Defendant filed a motion to dismiss plaintiff's compliant under Fed. R. Civ. P. 12(b)(6). The defendant's Motion, in the caption, requests the dismissal of plaintiff's Complaint. However, in the relief requested, defendant seeks only to have plaintiff's Title VII and Rehabilitation Act claim dismissed.

2. Plaintiff would consent to this matter proceeding under the Congressional Accountability Act ("CAA") because defendant's concede in their Motion that Title VII and Rehabilitation allegations are covered indirectly under the CAA.

3. Plaintiff would object to the dismissal of this case, and the defendant's have failed to present any basis to justify dismissal of plaintiff's case, including the claims under the CCA.

4. In the defendant's Motion, several cases are cited to support the assertion that the CAA indirectly applies the protection of eleven workplace statutes to employees of the federal legislative branch. There is no argument made by the defendant that Plaintiff's entire complaint should be dismissed, and bases in law or fact for the dismissal of plaintiff's complaint.

5. The cases cited by defendant in its Motion focused on cases that found dismissal of a complaint under the CAA was due to the failure of the plaintiff to timely file for counseling and for mediation at the end of the counseling period. In this case, defendant has not asserted such. Moreover, this Court has jurisdiction over plaintiff's complaint which was timely filed alleging discrimination under the CAA, Title VII, and the Rehabilitation Act.

WHEREFORE, based on the foregoing, plaintiff would consent to the dismissal of the Title VII and Rehabilitation Act claims as independent bases for a cause of action, and will consent to proceeding under the CAA as the exclusive procedure for the claims alleging employment discrimination, as long as plaintiff's discrimination claims and failure to accommodate claims are heard.

    Respectfully submitted,
    DUBOFF & ASSOCIATES, CHARTERED

By:    /s/ Donna Williams Rucker
    Donna Williams Rucker, Esquire (#446713)
    1229 15th Street, N.W.
    Washington, D.C. 20005
    (301) 495-3131

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12 (b)(6) was served, via the Court's ECF System, this 18th day of February, 2008, on Assistant U.S. Attorney General, Kenneth Adebonojo.

                                /s/ Donna Williams Rucker_____
                                Donna Williams Rucker

Case 1:07-cv-00699-JR    Document 14    Filed 02/20/2008    Page 3 of 3