UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PRISCILLA RUCKER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action Number: 1:07-0699(JR) |
| ) | |
| OFFICE OF THE ARCHITECT ) | |
| OF THE CAPITOL ) | |
| ) | |
| Defendant ) | |

**PARTIES' JOINT 16.3 REPORT**

Pursuant to Local Civil Rule 16.3, the parties hereby submit their joint report on the matters enumerated in Local Civil Rule 16.3(c). Further, a proposed Scheduling Order incorporating the parties' suggestions is attached. Priscilla Rucker ("Plaintiff") is, an employee of the United States Architect of the Capitol ("Defendant" or "AOC"). Plaintiff brings this case under Congressional Accountability Act of 1995, 2 U.S.C. 1308-1438; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; and the Rehabilitation Act of 1973, 29 U.S.C. 791 *et seq*. ("Rehab Act"), alleging that, as a result of prior protected activity she was subject to "adverse treatment and hostile environment" when she was denied accommodations to care for a family member. Plaintiff is seeking money damages for lost fringe benefits, compensatory and punitive damages as well as attorneys fees and declaratory and injunctive relief. The AOC's Motion to Dismiss Plaintiff's Title VII and Rehab Act claims only has been fully brief and awaiting disposition. As a result of recent discussions, it appears that parties are in agreement that the CAA provides Plaintiff adequate remedies and Title VII and the Rehab Acts are duplicative.

With regard to the matters to be included in the parties 16.3 report, the parties state the following:

1. <u>Status of Dispositive Motions</u>: The Defendant believes the case could be decided by motion for summary judgment, after discovery or prior to the completion of discovery at either parties' election. Plaintiff does not believe that this matter will be decided by a dispositive motion.

2. <u>Amended Pleadings</u>: The parties do not believe that additional parties will be joined. However, any amendment to add parties or amend pleading should be filed within sixty days of the entry of the scheduling order in this case.

3. <u>Assignment to Magistrate Judge</u>: The parties do not agree to assignment to a magistrate judge.

4. <u>Settlement Possibility</u>: Plaintiff is interested in pursuing settlement. Defendant believes there is little possibility of settling the case at this point. The parties will notify and request the Court's assistance should circumstances change.

5. <u>Alternative Dispute Resolution (ADR)</u>: Plaintiff is interested in pursuing alternative dispute resolution at any point in the litigation. Defendant will not rule out ADR but believes it is not likely to be productive at this time.

6. <u>Dispositive Motions</u>: The Defendant believes the case could be decided by motion for summary judgment, after discovery or prior to the completion of discovery at either parties' election. Plaintiff does not believe that this matter can be decided on disposition motion.

7. <u>Initial Disclosures</u>: The parties do not wish to dispense with initial disclosures under Rule 26(a)(1) and will exchange same within thirty (30) days of the initial conference.

8. <u>Discovery</u>: The parties anticipate standard discovery, i.e., interrogatories, requests for production of documents, requests for admissions, and depositions. Plaintiff anticipates taking 4 or 5 depositions; Defendant also anticipates the need for 4 or 5 depositions. The parties request 120 days for discovery.

<u>Electronically Stored Information ("ESI")</u>: The parties do not anticipate the need for ESI discovery.

9. <u>Experts</u>: The parties do not anticipate the use of expert witnesses, but nevertheless agree that the requirements of Rule 26(a)(2) should not be modified except as follows: A party proposing to use an expert witness shall designate any experts (and serve expert reports) thirty (30) calender days before the end of discovery and the opposing party shall name responsive experts within thirty (30) calender days thereafter. Depositions of experts may be taken within forty-five (45) calender days of service of these reports.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties do not recommend bifurcation.

12. <u>Proposed Date for Pretrial Conference</u>: The parties request that scheduling of the pretrial conference wait until completion of discovery or a ruling on any dispositive motions, whichever is later.

13. <u>Trial Date</u>: The parties request that the trial date be set at the pretrial conference, if necessary.

14. <u>Initial Conference</u>: The parties are prepared to proceed as scheduled.

March 5, 2008                                      Respectfully submitted,


  _/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  _/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  _/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4210
Washington, D.C. 20530
Telephone (202) 514-7157
Facsimile (202)514-8780
kenneth.adebonojo@usdoj.gov

COUNSEL FOR DEFENDANT

DUBOFF & ASSOCIATES, CHARTERED


  _/s/_____
DONNA WILLIAMS RUCKER, (#446713)
1229 15th Street, N.W.
Washington, DC 20005
(301)-495-3131

COUNSEL FOR PLAINTIFF